# HARRISON & MATSUOKA
*Attorneys at Law*

William A. Harrison
   E-mail: wharrison@hamlaw.net
Keith A. Matsuoka
   E-mail: kmatsuoka@hamlaw.net

Davies Pacific Center
841 Bishop Street, Suite 800
Honolulu, Hawaii 96813
Telephone: (808) 523-7041
Facsimile: (808) 538-7579

August 16, 2004

Kenneth M. Sorenson, Esq.
Assistant U.S. Attorney
PJKK Federal Building
300 Ala Moana Boulevard, Room 6-100
P. O. Box 50183
Honolulu, Hawaii 96850

    RE: *U.S.A. vs. JOE DELA CRUZ*
        Cr.. NO. 04-0185 SOM

Dear Mr. Sorenson:

As discussed I am writing this letter to document the efforts I have undertaken to assist my client in fulfilling his cooperation agreement with the government.

On May 5, 2004 within hours after Joe Dela Cruz' arrest, Mr. Dela Cruz and I met with you and Agent Tuan "Tex" Payton at the FBI office. At that time we requested and was given a U.S.S.G § 1B1.8 letter to protect Mr. Dela Cruz during our debriefing.

We spent approximately 2 ½ hours meeting with agent Payton that afternoon. Mr. Dela Cruz fully explained his role in this offense and the conduct of his local confederates. He was naturally reluctant to go into detail about any of his mainland confederates as the government could not guarantee the safety of his wife and children who reside there.

After that meeting we were told that we would undergo additional debriefing at a later date. It was at this time that I approached agent Payton with the possibility of having Mr. Dela Cruz attempt some proactive cooperation in the form of personal and or telephone contacts with individuals in the mainland. I indicated to you that the ideal situation would be supervised release to his mother in the mainland, where he could be monitored by the FBI while undergoing cooperation. It was at this time that you informed me that you did not believe that my client was being candid with agent Payton thus was opposed to any release at that time.



Kenneth M. Sorenson, Esq.
August 16, 2004
Page 2

There was a bail hearing initially scheduled for May 11, 2004 however I requested a continuance until May 14, 2004 as I needed additional time to provide you with a set of release conditions that I hoped would satisfy all of your concerns.

On May 12th I spoke with by telephone as to a follow-up debriefing as well as your position as to bail conditions which would satisfy you. You mentioned to me that it was not out of the realm of possibility to allow release so that Joe could take part in some form of proactive cooperation but one condition would have to be the mortgaging of Joe's mothers property. You also told me that you would have to clear any bail matter with agent Payton. At this time I again asked to meet with agent Payton for a follow up debrief. You informed me that you would have the agent contact me.

On May 14, 2004 I met with you in your office to further discuss Mr. Dela Cruz situation. Agent Tuan joined us. It was at this meeting that I again informed you that Joe wanted to work proactively as he believed that his mainland contacts were still viable targets. You indicated some concern about him cooperating against mainland targets because of interoffice concerns. You (as well as Payton) also reiterated your belief that Joe had not been totally candid with you and agent Payton. In response I again asked that the government meet with Joe to allay any further concerns. It was on the same day I again continued the bail hearing to allow for further time to work out any problems you may have had in concurring in a release order.

The detention hearing in this case was continued from May 14th to May 21st, from May 21st to May 28th, from May 28th to June 2nd and finally from June 2nd to June 7th. Each and every requested continuance was made with the sincere belief that the parties could possibly agree to a combination of conditions that would satisfy all concerns.

During the above time periods I spoke with you on several occasions regarding further debriefings of Joe. I spoke with you telephonically on May 18th, May 26th, and June 6th. It was during one of these telephone conversations that I informed you that Joe's wife Delilah and Joe's son had been threatened by some of Joe's mainland confederates. This was the unfortunate realization of the fears Joe had expressed during his initial debriefing. I again asked for a follow-up debriefing. Ultimately you did arrange for a debriefing on May 28th. However you still remained skeptical of my client's sincerity –for which he offered to meet personally with you.

Kenneth M. Sorenson, Esq.
August 16, 2004
Page 3

On June 7th a detention hearing was held. You objected to release and Joe was detained. At that time I again implored you to reconsider the government's position as I believed that Joe could still help the government in the prosecution of others involved in his case.

Since June 7th we have been ready and willing to continue dialogue with the government concerning cooperation but to no avail.

As a result of the government's non-responsiveness and in light of the recent *Blakely* decision my client attempted to plead to the indictment on July 16, 2004, unfortunately the government trumped his attempt at a plea by filing a superseding indictment on July 15, 2004.

Subsequent to the filing of the superseding indictment I have made a number of attempts at continued cooperation. You informed me that agent Payton was involved in a "large FBI investigation" and was not available to meet with us.

On Wednesday, August 11th agent Payton agreed to a further debriefing which was scheduled for Friday, August 13, 2004 at 11:00 a.m. At approximately 10:00 on the 13th I called agent Payton from the FDC to confirm that we were meeting that morning. He told me that he had not as yet obtained confirmation from the FDC administration regarding the debriefing. I told him to call the front desk and have them notify me if and when he obtained permission as I would be visiting with Joe while awaiting his arrival. We waited until approximately 12:45 p.m. for agent Payton who did not show.

On August 16th I again spoke with agent Payton who informed me that he had scheduled a debriefing for Tuesday, August 17th at 11:00 a.m. I told him that I could not make the appointment as I was scheduled for hearings in federal court at that time. I asked that he reschedule the debrief for Wednesday, August 18th at 9:00 a.m. He indicated his intention to do so.

I write this lengthy letter to memorialize all the efforts we have undertaken to attempt to satisfy the government of Mr. Dela Cruz' earnest desire to cooperate. As you are undoubtedly aware Mr. Dela Cruz faces the prospect of life imprisonment. In light of this fact he deserves to be given every possible opportunity to cooperate. He continues to stand willing and able to so cooperate. Unfortunately the more time that transpires the slimmer his chances of participating in any meaningful cooperation, which ***is not his fault.***

Kenneth M. Sorenson, Esq.
August 16, 2004
Page 4

I am hopeful that not withstanding the above he will be able benefit from his desire to cooperate in this matter.

Finally there cannot be any valid argument that Mr. Dela Cruz should not receive an additional one (1) level adjustment pursuant to U.S.S.G. § 3E1.1(b) for acceptance of responsibility, as he attempted to enter a guilty plea in a timely manner on July 16, 2004.

Sincerely,

HARRISON & MATSUOKA

WILLIAM A. HARRISON

WAH:khk

Cc: Joe Dela Cruz (M) 8/17/04