IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 04-00185 DAE |
| | ) | |
| Plaintiff, | ) | MEMORANDUM IN SUPPORT OF |
| | ) | MOTION; EXHIBITS "A" - "B" |
| vs. | ) | |
| | ) | |
| JOSE DELA CRUZ (01), | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |
| | ) | |

## MEMORANDUM IN SUPPORT OF MOTION

### I. RELIEF REQUESTED

Defendant JOSE DELA CRUZ ("Defendant") brings this motion to request this Court to unseal the information, which is relevant to sentencing, that was sealed by Judge Susan O. Mollway on October 12, 2006 so that Defendant may have the opportunity to address the information at sentencing. Specifically, Defendant requests that the Court unseal the records, review them *in camera*, and disclose the information to the parties. The Court may impose protective conditions on the use of the information as the nature of the information may warrant. If the Court determines that there is a justifiable reason to withhold the information from Defendant and/or the parties, Defendant further requests that the

Court state its reason for withholding the information from the parties.

In the alternative, Defendant requests an order temporarily transferring this case to Judge Mollway to give her the opportunity to clarify her Order of Recusal by specifying the nature of the information and/or the reason why the information cannot be disclosed to the parties.

## II.   STATEMENT OF THE CASE

On November 22, 2004, Defendant pled guilty to Counts 1 and 3 of the Superseding Indictment, charging him with conspiracy with intent to distribute more than 50 grams of methamphetamine (Count 1) and possession of more than 50 grams of methamphetamine (Count 3). On July 24, 2004, the government filed a Special Information as to Defendant's two prior drug convictions pursuant to 21 U.S.C. § 851. There is no plea agreement in this case. Sentencing was continued several times until August 7, 2006, when the parties appeared for sentencing before Judge Susan O. Mollway.

The following, pertinent remarks were made by the sentencing court at the August 7, 2006 sentencing hearing:

> **THE COURT:** Good afternoon.
>
> You know, something – you can sit down. Something has happened that is not your fault that it's happened. But I got some information about this case, which came to my attention just recently, and, if I

take it into account, **it may well affect the sentence**. But I'm not in a position right now to feel comfortable disclosing it, which, if I take it into account, I think it would be fair to both sides to do so that both of you could address it. [Bold added].

August 7, 2006 Transcript ("Tr.") at p. 3. A true and correct copy of the August 7, 2006 Transcript is attached to the Declaration of Counsel as Exhibit "A."

\* \* \* \*

THE COURT: . . . But I will also say that the information that has come to me is information that **any sentencing judge would think was relevant to sentencing and would want to consider**; so that the next judge, if I were to seal this matter, would, I think, not be fully informed . . . . [Bold added].

\* \* \* \*

THE COURT: That makes me uncomfortable. And so that's why I thought, if I could solve the problem by determining whether I could share it with both sides or not, if I could, then I can fairly consider it. If I can't, then, although **it's of the nature that a sentencing – any sentencing judge would want to have, if I'm not properly considering it, then another judge would not be properly considering it, and then I would seal it.** [Bold added].

**But that's not my best case scenario, given the nature of the information that has come to me, and especially because this case, as you all know, came in that part where your colleague Mr. Bracco convinced me pre-Booker that I should not require admission of the amount of drugs necessary to trigger the mandatory minimum. And so I have wide open discretion, and, even if I recuse, another judge would, too.** And so especially in light of that kind of circumstances, you know, I really want to tread carefully here. [Bold added].

3

Tr. at 8.

\* \* \* \*

  MR. SORENSON: Your Honor, **I think Mr. Baum's concern is probably that the court has indicated that this information may be relevant to sentencing.**

  THE COURT: **It is.** [Bold added].

Tr. at 10.

  At the August 8, 2006, sentencing hearing, portions of which are quoted above, Judge Mollway stated four times that the information she received is "relevant to sentencing." Judge Mollway also stated that the information is particularly important in this case because the sentencing court has "wide open discretion" because Defendant was not required to and did not make an admission of the amount of drugs necessary to trigger the mandatory minimum.

  Judge Mollway continued the sentencing hearing to investigate whether she could disclose the information to the parties. No further hearing was held. On October 12, 2006, the Order of Recusal was filed herein, the information sealed, and the case transferred to this Court. A true and correct copy of the October 12, 2006 Order of Recusal is attached to the Declaration of Counsel as Exhibit "B." Prior to recusing herself, Judge Mollway disclosed the information to the U.S. Probation Office, who was ordered not to disclose the information. *See* Exhibit

"B," at p. 2.

The sentencing hearing is scheduled for February 15, 2007.

## II. DISCUSSION

### A. Non-Disclosure of Information That Is Relevant to Sentencing Violates Defendant's Due Process Rights

Several important facts were developed at the first sentencing hearing before Judge Mollway. First, the sentencing judge received information which is "relevant to sentencing." Second, the sentencing judge sealed the relevant information without disclosing the nature of the information to the parties or the basis upon which the information was being sealed. Third, Defendant pled guilty to drug offenses without being required to make an admission as to drug quantity to trigger the mandatory minimum. As a result, the sentencing court has "wide open discretion" in sentencing Defendant, making the relevant information all the more significant under the facts of this case.

One critical fact was not ascertained at the first sentencing hearing. The first sentencing judge did not state the basis as to why she was "restricted in sharing the information with counsel." *See* Exhibit B, at p. 2. Defendant believes that absent a justification for not sharing the information, his due process right to have the sentencing judge consider all "relevant" information will be violated.

A defendant's constitutional guarantee of due process is fully applicable at sentencing. United States v. Hanna, 49 F.3d 572, 577 (9th Cir. 1995), *citing* Gardner v. Florida, 430 U.S. 349 358, 97 S.Ct. 1197, 1204-05 (1977). Thus, it has been held that a trial court violates a defendant's due process rights by relying upon materially false or unreliable information at sentencing. Hanna, id. (citations omitted). Such reliance on materially false or unreliable information constitutes an abuse of sentencing discretion as well. Hanna, id. (citations omitted).

While it is clear that due process applies fully at sentencing, the Supreme Court has determined that due process does not entitle a defendant to **limit** the factors which a judge may consider in assessing punishment. Williams v. New York, 337 U.S. 241, 69 S.Ct. 1079, 93 L.Ed. 1337 (1949) (Bold added). In Williams, Justice Black noted that, without the ability to gather information about the individual being sentenced, the sentencing judge was more likely to err in imposing a sentence. Justice Black concluded that the sentencing judge should be in possession of the fullest amount of knowledge possible. Williams, 337 U.S. at 247, 69 S.Ct at 1083. He quoted with approval the following comments of Judge Lewis B. Schwellenbach:

> The knowledge of the life of a man, his background and his family, is the only proper basis for the determination as to his treatment. **There is no substitute for information**. The sentencing judge in the federal

> court has the tools with which to acquire that information. Failure to make full use of those tools cannot be justified. [Bold added].

Id. at 249, n. 14, 69 S.Ct. at 1084, n. 14.

In this case, Defendant asserts that his due process rights require the sentencing court to consider all relevant information at sentencing. The first sentencing court acquired information relevant to sentencing, which was subsequently sealed. No reason was given as to the reason why the information was sealed. Information that is admittedly relevant to Defendant's sentencing is being withheld from this Court with no reason given for withholding the information. In the absence of any reason for the sealing and non-disclosure of the relevant information, Defendant's due process rights to have the sentencing court consider all relevant information at sentencing will be denied.

### B. U.S.S.G. § 6A1.3 and Rule 32 (I) (3), Federal Rules of Criminal Procedures, Require That The Sentencing Court Consider All Relevant and Reliable Information at Sentencing

In addition to constitutional due process considerations, U.S.S.G. § 6A1.3 (a) and Rule 32 (I) (3), Federal Rules of Criminal Procedures ("Fed.R.Crim.P."), require a court to consider all **relevant** and reliable information regarding at sentencing. U.S.S.G. § 6A1.3 (a) provides that "[i]n resolving any dispute concerning a factor important to the sentencing determination, the court may

consider **relevant** information without regard to its admissibility under the rules of evidence applicable at trial, provided that the information has sufficient indicia of reliability to support its probable accuracy." U.S.S.G. § 6A1.3 (a) (Bold added). Thus, under the guidelines, "relevant" information need not be admissible under the rules of evidence as long as there is "sufficient indicia of reliability" to support its accuracy.

The sentencing court is directed to resolve disputed sentencing factors at sentencing in accordance with Rule 32 (i), Fed.R.Crim.P. U.S.S.G. § 6A1.3 (b). Rule 32 (i) (3) (B), Fed.R.Crim.P., provides that "for any disputed portion of the presentence report or other controverted matter" during sentencing, the court must "rule on the dispute or determine that a ruling is unnecessary either because the matter will not affect sentencing, or because the court will not consider the matter in sentencing."

In this case, the first sentencing court learned of information relevant to sentencing. However, the first sentencing court did not articulate a basis for non-disclosure and sealing of the relevant information. Because the record is silent, there is no way for this Court to discern whether or not the relevant information contained "sufficient indicia of reliability" to support its accuracy under U.S.S.G. § 6A1.3 (a). Without unsealing and reviewing the relevant information, this Court

is unable to rule on the matter, or determine that a ruling is unnecessary either because the matter will not affect sentencing, or because the Court will not consider the matter in sentencing.

### C. Defendant's Sixth Amendment Right to Effective Assistance of Counsel May Be Jeopardized Absent Disclosure of the Relevant Information

The sixth amendment to the U.S. Constitution guarantees Defendant the effective assistance of counsel. Without knowing the reason why the first sentencing court sealed the relevant information or why the court believed it was restricted in sharing the information, counsel for Defendant is placed in the position of having to request this Court to unseal and review the information. If the information is exculpatory, counsel for Defendant would certainly bring it to the Court's attention at sentencing. If, on the other hand, the information is inculpatory, counsel for Defendant at least is in a position to rebut the information once the information is disclosed. Accordingly, Defendant's sixth amendment right to effective assistance of counsel is implicated in this manner.

### III. CONCLUSION

Based upon the foregoing, Defendant respectfully requests that this Court unseal the information "relevant to sentencing," conduct an *in camera* review of the information, and disclose the information to the parties. The Court may impose

protective conditions on its disclosure as the nature of the information may warrant. If the Court determines that there is a justifiable reason why the Court is restricted in sharing the information with the parties, Defendant requests that the Court articulate its basis for not disclosing the information.

In the alternative, Defendant requests an order temporarily transferring this case to Judge Mollway to give her the opportunity to clarify her Order of Recusal by specifying the nature of the information and/or the reason why the information cannot be disclosed to the parties.

DATED: Honolulu, Hawaii, 11/29/06.

Alan Baum
Pamela E. Tamashiro
Attorneys for Defendant
JOSE DELA CRUZ