1

| | | |
|---|---|---|
| 1 | | IN THE UNITED STATES DISTRICT COURT |
| 2 | | FOR THE DISTRICT OF HAWAII |

| | | | |
|---|---|---|---|
| 3 | | ) | |
| | UNITED STATES OF AMERICA, | ) | CR 04-00185 SOM 01 |
| 4 | | ) | |
| | Plaintiff, | ) | Honolulu, Hawaii |
| 5 | vs. | ) | August 7, 2006 |
| | | ) | 1:30 P.M. |
| 6 | JOSE DELA CRUZ, | ) | |
| | | ) | Sentencing to Counts 1 and 3 |
| 7 | Defendant. | ) | of the First Superseding |
| | | ) | Indictment |
| 8 | ———————————————————— | ) | |

```
 9
                    TRANSCRIPT OF PROCEEDINGS
10        BEFORE THE HONORABLE SUSAN OKI MOLLWAY
                 UNITED STATES DISTRICT JUDGE
11

12   APPEARANCES:

13   For the Government:        KENNETH M. SORENSON
                                Office of the U.S. Attorney
14                              PJKK Federal Bldg.
                                300 Ala Moana Blvd. Ste. 6100
15                              Honolulu, HI 96850

16   For the Defendant:         PAMELA E. TAMASHIRO
                                Ocean View Ctr.
17                              707 Richards St., PH 7
                                Honolulu, HI 96813
18
                                ALAN BAUM
19                              Criminal Defense Associates
                                20700 Ventura Blvd., Ste. 301
20                              Woodland Hills, CA 91364

21   Also Present:              NEIL W. TSUKAYAMA
                                U.S. Probation Office
22                              300 Ala Moana Blvd. Ste C-110
                                Honolulu, HI 96813
23

24

25
```

EXHIBIT __A__

1    APPEARANCES (Continued):

2    Official Court Reporter:        Debra Kekuna Chun, RPR, CRR
                                     United States District Court
3                                    300 Ala Moana Blvd. Ste. C285
                                     Honolulu, HI 96850
4                                    (808) 534-0667

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24
     Proceedings recorded by machine shorthand, transcript produced
25   with computer-aided transcription (CAT).

3

```
1    MONDAY, AUGUST 7, 2006              1:39 O'CLOCK P.M.

2              THE CLERK:  Criminal 04-185 SOM, United States of

3    America versus, defendant 1, Jose Dela Cruz.  This case has

4    been called for Sentencing to Counts 1 and 3 of the First

5    Superseding Indictment.

6              Counsel, please make your appearances for the

7    record.

8              MR. SORENSON:  Your Honor, good afternoon.  Ken

9    Sorenson for the government.

10              THE COURT:  Good afternoon.

11              MR. BAUM:  Good afternoon, Your Honor.  Alan Baum,

12    appearing on behalf of Mr. Dela Cruz along with local counsel

13    Miss Tamashiro.

14              MS. TAMASHIRO:  Good afternoon, Your Honor.

15              THE COURT:  Good afternoon.

16              You know, something -- you can sit down.  Something

17    has happened that is not your fault that it's happened.  But I

18    got some information about this case, which came to my

19    attention just recently, and, if I take it into account, it may

20    well affect the sentence.  But I'm not in a position right now

21    to feel comfortable disclosing it, which, if I take it into

22    account, I think it would be fair to both sides to do so that

23    both of you could address it.

24              And so I may -- I know you came all the way, but it

25    just happened, and so I'm thinking I should continue the
```

4

1    hearing while I look into what to do.  And it may be that what

2    should happen is that I should recuse and seal the information

3    such that the new judge doesn't get it.  I'm not certain how to

4    go about doing this.  Does anybody want to be heard on this?

5    Sorry.  It's, you know --

6            MR. SORENSON:  Well, without knowing the nature of

7    the information, Your Honor, we're both kind of, I'm sure,

8    unsure of how to proceed.  If the court believes the court's

9    received some information that will somehow affect the

10   partiality of the court or how the court rules without either

11   party knowing how to respond to it or even what the information

12   is, then you're probably in a recusal situation.  I really

13   don't know, Your Honor.  Without knowing the information,

14   that's the best I can offer.

15           THE COURT:  I want to tell it both to you.  I'm sure

16   both of you have considerable amounts to say about it.  But I

17   would like to tread carefully in this area to insure that it is

18   appropriate for me to do that.  And this has come to my

19   attention in the last couple of hours; so I'm sorry that I

20   didn't --

21           MR. SORENSON:  Is it something, Your Honor, where you

22   think you'd be able to come up with some idea on what the court

23   should do within the next day or two?

24           THE COURT:  No, I don't think so.  And so I feel

25   quite bad that counsel has flown here at considerable

1    expense.

2            MR. BAUM:  My convenience is the least that the court

3    should be concerned about, Your Honor.  There's a lot of family

4    here from California as well, and needless to say since Mr.

5    Dela Cruz has been in custody about two years now and there

6    have been a number of delays, everyone is anxious for closure.

7            On the other hand, anything that may affect -- or the

8    court is concerned may possibly affect the court's view of the

9    case because there is -- in this case, unlike many that come

10   before you, you have a great deal of discretion in this case

11   because there is no mandatory minimum.  The unique nature and

12   timing of the plea in this case vests this court with a great

13   deal of discretion, and some of the issues that we've raised

14   really go to the heart of asking this court to exercise that

15   discretion.  If what the court is suggesting that the

16   information may potentially be prejudicial to the defendant --

17           THE COURT:  I'm not saying that.

18           MR. BAUM:  Well, I'm just saying I'm speculating.

19           THE COURT:  I'm not saying that.  I'm trying to be

20   very careful about which side would welcome knowledge of the

21   information and which side would not.  I don't want you to

22   prejudge that.

23           MR. BAUM:  And may I assume that the information is

24   of such a nature that it cannot be made part of the record even

25   in a closed proceedings?

6

1          THE COURT:  What do you consider to be a closed

2    proceeding?  Who would be there?

3          MR. BAUM:  Well, frankly, whatever the court is

4    comfortable with.  In fact, you could perhaps some kind of a

5    bifurcated hearing where the court is closed and the record

6    sealed even to the effect of family not being present, if the

7    court feels that that is appropriate.  At least as to that

8    portion of the hearing.

9          THE COURT:  I'm not too worried about the family.

10   Okay.  There's countless times when, especially in criminal

11   cases, I've had to clear the courtroom and have sealed

12   hearings.  However, in a criminal case the parties are always

13   allowed to be here, of course, to be fair to them.  And without

14   indicating whether this is information helpful or hurtful to a

15   particular side, I would have to have the parties here, I would

16   think, in a criminal case, and that would concern me.

17          So, you know, it would be fine with me to share the

18   information with counsel, but I don't know that counsel is

19   comfortable agreeing to that, or your clients are comfortable

20   agreeing to such restrictions.  Since I can't tell you the

21   information until I have that agreement I know this is tough

22   for both of you.  But, you know, I'm not asking that because I

23   don't think it's fair to either side for me to ask that.  But

24   you asked me about a sealed hearing.

25          MR. BAUM:  I think I get the court's drift.

1          THE COURT:  You do?  How could you possibly?  I'm

2     sorry.  I know this is really frustrating for you and certainly

3     not your fault.  I'm sorry.

4          MR. BAUM:  If Your Honor is inquiring as to whether

5     or not I would be willing to conference with the court with the

6     government under -- with an understanding that the court would

7     be disclosing information that I would not be able to disclose

8     to my client --

9          THE COURT:  I don't know how you could agree to

10    that.

11         MR. BAUM:  I don't know how I could agree to it

12    either.

13         THE COURT:  I don't know how you could agree to it,

14    and so I'm not asking that of you.  I mean, if I were in your

15    shoes, you know, and I would need the same from Mr. Sorenson

16    that he would not go to his agent or anyone other than the

17    lawyers in his office the same thing.  And I don't know how I

18    could have him agree to that because once he knew the

19    information he might say this is exactly the kind of thing that

20    I need to investigate and follow up on, you know.  I'm not

21    asking that.

22         But you asked what kind of closed hearing I would

23    feel comfortable with?  That's it.  But I don't think that's an

24    appropriate way to conduct a criminal sentencing proceeding.

25         MR. BAUM:  May I have a moment.

8

1          THE COURT:  Yes.

2      (Defense counsel conferring.)

3          MR. SORENSON:  Well, it appears to me, Your Honor,

4    that it's pretty clear you have come across information that

5    another sentencing judge won't have in passing sentence.

6          THE COURT:  Right.  I can do that.  I mean I can --

7    this is the quandary I'm in.  It's true that I can recuse, and

8    then this won't be an issue.  But I will also say that the

9    information that has come to me is information that any

10    sentencing judge would think was relevant to sentencing and

11    would want to consider; so that the next judge, if I were to

12    seal this matter, would, I think, not be fully informed.  But

13    that may be the price, given the nature of what came to me.

14    And so it would be, you know, a part way uninformed decision.

15          MR. BAUM:  Which is --

16          THE COURT:  And that --

17          MR. BAUM:  -- not a good state of affairs.

18          THE COURT:  That makes me uncomfortable.  And so

19    that's why I thought, if I could solve the problem by

20    determining whether I could share it with both sides or not, if

21    I could, then I can fairly consider it.  If I can't, then,

22    although it's of the nature that a sentencing -- any sentencing

23    judge would want to have, if I'm not properly considering it,

24    then another judge would not be properly considering it, and

25    then I would seal it.

1          But that's not my best case scenario, given the

2     nature of the information that has come to me, and especially

3     because this case, as you all know, came in that part where

4     your colleague Mr. Bracco convinced me pre-Booker that I should

5     not require admission of the amount of drugs necessary to

6     trigger the mandatory minimum.  And so I have wide open

7     discretion, and, even if I recuse, another judge would, too.

8     And so especially in light of that kind of circumstance, you

9     know, I really want to tread carefully here.

10          MR. BAUM:  Your Honor, were you to recuse yourself,

11     would -- it sounds like what the court feels would be its

12     obligation would be to make a record, sealed though it may be,

13     of this information.  Then it would be a question wouldn't I in

14     due diligence want to ask whoever this new sentencing judge is

15     to unseal that at least for my information, if it's not going

16     to remain sealed, to the new judge.

17          THE COURT:  It will remain sealed to the new judge.

18          MR. BAUM:  But it may be information that one side or

19     the other would feel is relevant to sentencing and should be

20     considered by the new judge.

21          THE COURT:  Right.  But, if I recuse, what would

22     happen is I would issue an order, saying the item, you know,

23     enclosed -- and it would be pasted on the front of a manila

24     envelope that was taped shut.  And the order would say, "This

25     document is sealed for -- will remain part of the record but

1    will be sealed.  Neither counsel can see it, and the sentencing

2    judge is also told not to see it."

3         I think my colleagues will listen to me.  I don't

4    have any control over them, but I'm pretty darn sure that they

5    won't look at it if they see such an order from me.  I mean,

6    the alternative is I guess I could keep it in my safe.

7         MR. BAUM:  So I'm wondering, then, what's the point

8    of making the record if it's truly going to remain sealed for

9    all purposes, which would, I suppose, mean from the Ninth

10   Circuit and from -- this is very interesting.

11        THE COURT:  Well, you know, courts just aren't used

12   to shredding documents, you know.  We just never do it.  That's

13   sort of the ethos here:  we keep a copy of everything somehow.

14   And so -- I mean, sometimes we have those, you know, top secret

15   things.  I mean, we have these in courts.  And then you have to

16   keep them in your safe and send them back to some special

17   person designated.  And I've done that.  You want me to treat

18   it like that?  I mean --

19        MR. SORENSON:  Your Honor, I think Mr. Baum's concern

20   is probably that the court has indicated that this information

21   may be relevant to sentencing.

22        THE COURT:  It is.

23        MR. SORENSON:  And, if he's not allowed to see it, he

24   doesn't know if he can perhaps effectively represent his client

25   on the record at any sentencing proceeding since he knows

1    there's information out there that may, who knows, be

2    beneficial to his client.  So he may be concerned about that.

3            Of course, from our concern we simply --

4            THE COURT:  No attorney would be in a better

5    position, though, in terms of that issue; so, you know, it's

6    not that he can remove the disability by making some other

7    attorney come in.  I mean --

8            MR. SORENSON:  No, no, no.  I'm speaking -- I think

9    I'm speaking in terms of the fact he may feel that to represent

10   his client effectively he has to have this information.  If he

11   doesn't get it, then perhaps we're creating an appellate issue

12   on down the line, maybe even a 2255 issue on down the line.

13           THE COURT:  Well, he can argue vigorously to get it,

14   and then he can take an appeal, if I don't give it to him.

15           MR. BAUM:  Or we can agree to some -- as an officer

16   of the court, for counsel to meet with the court and hold the

17   information privileged from my client.  I could agree to that.

18   I mean, I think Mr. Dela Cruz understands -- he doesn't

19   understand the information, but he understands the issue.

20           I can only say this:  I am so anxious to proceed, and

21   I can't imagine any court being in a better position than this

22   court to sentence Mr. Dela Cruz because you know the case,

23   you've sentenced the other defendants, and this is where I want

24   to be.  But -- and to that extent I'm tempted to offer to keep

25   the information confidential to see if we can get past this and

12

1    proceed with sentencing.

2              And the court seemed to think that, if we were

3    willing to do that -- although, there may be --

4              THE COURT:  How can you agree to do that?  I mean,

5    you know, this is information that affects your client one way

6    or the other.  Aren't you going to want to talk to your client

7    once you get it and say, "Okay.  How can we address this?  Tell

8    me more about it."

9              MR. BAUM:  How about if after --

10             THE COURT:  I'm guessing it's stuff that you're not

11   aware of, too.

12             MR. BAUM:  I don't know.

13             THE COURT:  I don't know if you are, but it may well

14   be.

15             MR. BAUM:  How about if we do have this

16   off-the-record conference with the court, and after I receive

17   the information I feel that the best course of action would be

18   for the court to recuse itself and to seal the information.

19             THE COURT:  And then what?  Then you will not

20   disclose it to your client, if I recuse myself; is that what

21   you're saying?

22             MR. BAUM:  And if the information is sealed?  Well,

23   obviously, as a practical matter, if it's to my client's

24   advantage --

25             THE COURT:  I know.

13

1          MR. BAUM:  You understand.

2          THE COURT:  Okay.  If you like it, you want me to

3     proceed.  If you don't like it, you want me to recuse.  Well, I

4     don't think this is a workable --

5          MR. BAUM:  I've only been in practice for 38 years,

6     and I can honestly say this is the weirdest hearing I've ever

7     had.

8          THE COURT:  I'm sorry.

9          MR. BAUM:  That's all right.

10          THE COURT:  It's pretty weird for me, too.  And I

11     don't think Mr. Sorenson has this every day, and I doubt Miss

12     Tamashiro does either.  And they've both had trials in front of

13     me, and I'm not usually this weird.  So, you know -- you want

14     to be heard on this?

15          MR. SORENSON:  Your Honor, I really don't know what

16     to say.  It's one of the few times in my life I've stood here

17     I'm speechless.  I really do not know how to --

18          THE COURT:  A rarity.

19          MR. SORENSON:  It appears to me that, if you did make

20     some disclosures and then there was an agreement from the

21     defense to keep it from Mr. Dela Cruz -- and, obviously, we'd

22     have to have Mr. Dela Cruz on the record indicating that this

23     was his agreement and he knew he was never going to hear this

24     information, unless all the parties agreed to it, for instance.

25     But not knowing the nature of the information, I don't know.

1          THE COURT:  Well, you don't want to chime in?

2          MS. TAMASHIRO:  How much time does the court think

3    that you would need to try and resolve this dilemma?

4          THE COURT:  A number of weeks --

5          MS. TAMASHIRO:  A number of weeks.

6          THE COURT:  -- is my guess just what I have to look

7    into, which is, you know, I know that family has come and at

8    great time and expense.  I also know that, if, Mr. Dela Cruz,

9    if your family is here, they're here in your best interest, and

10   they want the result that is going to be best for you, not

11   necessarily what is most convenient for them on this trip,

12   despite the time and money that was spent.  So I'm guessing

13   that your family is going to support what's best for you and

14   your future, even at some inconvenience and -- I'm sorry --

15   some wasted time and money to them.  So, you know, that's what

16   I'm thinking.

17         MR. BAUM:  That, of course, is true, Your Honor.  I

18   know -- I can speak for the family that expedience is not the

19   measure of the decision here.

20         THE COURT:  Well, if they're here, they obviously

21   care a lot about you, and that's what I'm assuming is their

22   interest is you right now.

23         Okay.  So shall I just take those couple of weeks?  I

24   mean, one alternative -- as I say, it's not my preferred

25   alternative because I would like to find a way to give this

1    information to both of you and to have it considered by me in

2    my sentencing.  But I suppose I could just recuse now, seal

3    this, and -- or whatever you want me to do with it, and, you

4    know, then you could probably get a hearing before some judge

5    tomorrow or the next day or whatever, you know.

6           MR. SORENSON:  You mean for sentencing purposes?  I

7    don't know if we could get a judge to review all this

8    information that quickly, Your Honor, but possibly.

9           THE COURT:  So do you folks want a few minutes to

10   talk to each other?

11          MR. BAUM:  I think so.

12          THE COURT:  Shall I leave the courtroom, and you

13   folks can --

14          MR. SORENSON:  No, Your Honor.  That's not

15   necessary.

16          MR. BAUM:  No.

17          THE COURT:  We'll go off the record anyway.

18          MR. SORENSON:  Okay.  Thank you.

19      (Discussion off the record.)

20          MR. SORENSON:  Your Honor, we're willing to give the

21   court a timeout actually, and what we'd like to do is probably

22   give you some time to perhaps deliberate some more on this

23   issue, perhaps consult to the degree the court needs to.  I

24   know it's a lonely job and not a whole lot of folks you can

25   talk to, but, obviously --

1          THE COURT:  Can't talk to a whole lot of folks

2    because after all, if I recuse, you might get one of those

3    folks.

4          MR. SORENSON:  Maybe a judge in another district.  I

5    don't know.  But so, Your Honor, what we'd like to do is,

6    obviously, let's go ahead and continue this hearing.

7          THE COURT:  Okay.  I am very sorry to all of you who

8    came all this way, including counsel.

9          MR. BAUM:  Your Honor, well, could have said nothing,

10    and, of course, I know that your integrity would not allow that

11    to happen.  So the fact that you've brought this to our

12    attention, which creates the issue, is not the court's fault;

13    so -- and we don't -- we appreciate the court's candor.

14          THE COURT:  It would have been really a good idea if

15    I had been able to communicate this to you last week, and, you

16    know, if I prepared weeks in advance, I probably could have

17    communicated this to you weeks ago.  But I'm sorry.  I learned

18    about this in the last few hours, and so I'm sorry.

19          MR. BAUM:  It's quite all right.  I think the best

20    thing is because we would prefer, if it turns out to be

21    appropriate, we would prefer to remain in this court.

22          THE COURT:  Then I'm going to give you a new date,

23    and I'll check -- let's have counsel let me know.

24          MR. SORENSON:  Your Honor, could we on that new

25    date -- I know that Mr. Baum probably may have some other

1   business going on.  Maybe we should get together with your

2   scheduling clerk and maybe all together we can come up with a

3   convenient date.

4          THE COURT:  I'll give you a date, but you can call.

5   Okay.  So you have something to work against.  September 14 at

6   three o'clock.

7          MR. BAUM:  Sounds okay.

8          THE COURT:  And call my courtroom manager, and she

9   can give you a different date, if that is not workable for all

10  counsel.

11         MR. SORENSON:  Thank you, Your Honor.  At three

12  o'clock?

13         THE COURT:  Three o'clock, September 14.  Okay?  But

14  we can give you another date.  I mean, she'll give you high

15  priority on this, and we'll kick off some other people and put

16  you on, you know, whatever.

17         MR. BAUM:  We will anxiously await communication from

18  the court, if you think it's appropriate.

19         THE COURT:  I would like to tell you about it and

20  have a frank discussion about it.  And, actually, the more I

21  think about it, you know, depending what you folks say on this

22  information, the person who at first is happy about the

23  information may turn out to be sad because I can see the

24  different kinds of information that might come to me that would

25  cause me to view this in exactly the opposite way of what at

18

1    face value appears.

2           MR. BAUM:  May I say for the record, "Huh?"

3           THE COURT:  I am sorry.

4           MR. BAUM:  I don't mean to be flippant.

5           THE COURT:  I'm a pretty strange person, but I'm

6    usually not this bad.  Okay.  So I will see you all

7    September 14 or whatever other date counsel agrees to.

8           MR. BAUM:  Very well.

9           THE COURT:  Thank you very much.

10       (Court recessed at 2:03 P.M.)

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1          COURT REPORTER'S CERTIFICATE

2          I, Debra Kekuna Chun, Official Court Reporter, United

3     States District Court, District of Hawaii, do hereby certify

4     that the foregoing is a correct transcript from the record of

5     proceedings in the above-entitled matter.

6          DATED at Honolulu, Hawaii, October 25, 2006.

7

8                                    /s/ Debra Chun

9                                    DEBRA KEKUNA CHUN

10                                   RPR, CRR

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25