IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 04-00185 DAE |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| JOSE DELA CRUZ (01), | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

ORDER TO TRANSFER THIS CASE TEMPORARILY TO JUDGE SUSAN MOLLWAY FOR CLARIFICATION OF ORDER OF RECUSAL

On December 28, 2006, this Court heard Defendant's Motion to Unseal Records Or, In The Alternative, To Temporarily Transfer Case to Judge Susan Mollway for Clarification of Order of Recusal ("Motion"). Kenneth M. Sorenson, Esq., appeared at the hearing on behalf of Plaintiff; Pamela Tamashiro, Esq., and Alan Baum, Esq., via telephone, appeared at the hearing on behalf of Defendant. After reviewing the motion and the supporting and opposing memoranda, this Court GRANTS Defendant's Motion to transfer this case temporarily to Judge Susan Mollway ("Judge Mollway") to clarify her order of recusal.

On August 7, 2006, a sentencing hearing was held before Judge Mollway to sentence Defendant to Counts 1 and 3 of the First Superseding Indictment. During that hearing, Judge Mollway stated that information came to her attention a few hours before the hearing that may affect the sentencing. (Hearing at 3, 16.) She did not, however, specify the nature of the information received, even though she viewed it as "relevant to sentencing." (Hearing at 8.) Judge Mollway then announced that she "could" seal the information and recuse herself, even though Defendant's counsel requested that she take more time to deliberate the matter. (Hearing at 15.) Judge Mollway subsequently recused herself and sealed the information. (Order of Recusal dated 10/12/06.) Neither party ever learned what that information contained.

Defendant now requests this court either to "unseal the records, review them in camera, and disclose the information to the parties," or to transfer this case temporarily to Judge Mollway to clarify her order of recusal. (Motion at 1-2.) Defendant ultimately wants to know how the information is relevant and whether it is exculpatory or inculpatory to provide effective assistance of counsel under the Sixth Amendment. Defendant argues that, to satisfy due process, the sentencing court should consider all "relevant" information at sentencing. See Williams v. New York, 337 U.S. 241, 247 (1949) (finding that possession of the

fullest information possible about a defendant's life and characteristics is highly relevant to a sentencing judge), distinguished by, Blakely v. Washington, 542 U.S. 296 (2004); U.S.S.G. § 6A1.3(a) (authorizing a court to consider relevant evidence without regard to its admissibility so long as it has a "sufficient indicia of reliability"), limited on constitutional grounds by, U.S. v. Booker, 543 U.S. 220, 244 (2005) (applying the holding in Blakely v. Washington, 542 U.S. 296 (2004), to the Sentencing Guidelines to find, in an opinion delivered by Justice Stevens, that any fact, other than a prior conviction, that would increase a sentence above that which the facts established under a guilty plea or jury verdict must be admitted by a defendant or proved by a jury beyond a reasonable doubt ).

    This Court agrees that a sentencing court should have all relevant information at its disposal, which it may consider so long as the court remains within the confines of Blakely and Booker.  Notwithstanding, for disputed sentencing material, a sentencing court "must--for any disputed portion of the presentence report or other controverted matter--rule on the dispute or determine that a ruling is unnecessary either because the matter will not affect sentencing, or because the court will not consider the matter in sentencing." Federal Rules of Criminal Procedures ("Fed.R.Crim.P.") 32(i)(3)(B).  Judge Mollway did not provide in writing a basis for sealing the information.  To provide Judge Mollway

an opportunity to state, under seal if necessary, a basis for sealing the information and to opine as to the relevance of the information, this Court transfers this case temporarily to Judge Mollway to clarify her order of recusal.  Upon transfer, Judge Mollway will have the opportunity to specify in writing the <u>nature</u> of the information received, without disclosing to this Court what the information actually contained, and to specify whether or not the information would be favorable to Defendant under the relevant 18 U.S.C. § 3553(a) sentencing factors, the sentencing guidelines, or any other relevant sentencing standards.

## CONCLUSION

For the reasons stated above, this Court GRANTS Defendant's Motion to transfer this case temporarily to Judge Mollway to clarify her order of recusal.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, December 28, 2006.

_____
David Alan Ezra
United States District Judge