IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 04-00185 SOM (01) |
| | ) | |
| Plaintiff, | ) | ORDER STATING THAT SEALED |
| | ) | MATERIALS ARE NOT EXCULPATORY |
| vs. | ) | |
| | ) | |
| JOSE DELA CRUZ (01), et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

ORDER STATING THAT SEALED MATERIALS ARE NOT EXCULPATORY

I understand that Defendant Jose Dela Cruz has expressed concern that the materials I placed under seal may be exculpatory. The materials are not exculpatory; they are unrelated to guilt. They are, however, relevant to sentencing factors set forth under 18 U.S.C. § 3553.

In a separate order that I am filing today under seal, I explain why I earlier declined to disclose the previously sealed materials or to describe or characterize them.[1]

---

[1] There appears to have been some confusion about what I said in an informal discussion I had with the sentencing judge. At the hearing the sentencing judge held on December 28, 2006, he said I had insisted in an informal discussion we had that I had already put on the record why I did what I did. I did not mean to communicate any such position, as I was very much aware that I had left counsel mystified. It may be that, assuming that the sentencing judge had reviewed the transcript of my on-the-record hearing of August 7, 2006, I spoke too cryptically to be comprehended by the sentencing judge, who, according to the December 28 transcript, had not reviewed the August 7 transcript. In fact, I have never believed that I fully explained myself to counsel.

I believe that the reasons set forth in the separate order I am filing today are actually self-evident from the previously sealed materials, and that my sealed order probably does not further the discussion in any meaningful way. However, in case my order may prove useful to a reviewing court, I have laid out my thought process. The order is several pages long, with much of that space occupied by recounting the history of the matter and summarizing the sealed information.

The order being filed under seal today will not be made available to counsel without an express determination by the sentencing judge that counsel's review is appropriate. To avoid the possibility that the sentencing judge may have to recuse himself from this case, I am also recommending that the sentencing judge not review my sealed order without expressly determining that the sentencing judge's review is warranted. The sealed order bears the following words in the space for its title: "SEALED ORDER REGARDING RECUSAL (WITH RECOMMENDATION THAT SENTENCING JUDGE NOT REVIEW THIS SEALED ORDER WITHOUT FIRST EXPRESSLY DETERMINING THAT SUCH REVIEW IS WARRANTED)." I recommend that the sentencing judge, even after sentencing Defendant, consider whether a post-sentencing review of the materials is or is not advisable in light of a possible appeal, remand, or motion under 28 U.S.C. § 2255.

I fully understand that it would be helpful to the parties and the sentencing judge for me to tell them, as the sentencing judge has indicated, at least the nature of the information received, as well as whether the information would be favorable to Defendant.  Not knowing the nature of the information, the attorneys and the sentencing judge appear to think that I could not possibly have a reason for declining to provide such information.  They discussed the possibility of having a magistrate judge review the materials and then provide some limited information about the materials to them.  While I sympathize with counsel and the sentencing judge, I do assure them that I have not acted on mere whim in withholding information from them.  Even in declining to announce which party was favored by the information, I did indeed have reasons.

Well aware of how difficult the parties would find it to proceed without knowing more, I did, before recusing myself, spend considerable time trying to fashion a helpful limited disclosure.  Some of the options that I previously considered have become unavailable given what the parties agreed to with the sentencing judge at the hearing on December 28, 2006.

For example, I considered whether I could tell the attorneys which party was favored if the attorneys agreed not to disclose this information to their clients.  The information might then come out on appeal, but by then the circumstances that now constrain me might have changed.  The parties will recall that, at the August 7 hearing before me, defense counsel inquired

whether I could disclose the information I had to counsel but not the parties, and I responded at the time that, although that would address the concerns causing me to withhold the information, I was not asking counsel to agree to that. It was my thought that the attorneys would want to (and should) discuss any information they had with their clients, especially because its reliability might be questioned. It later occurred to me, however, that counsel might feel comfortable agreeing not to tell their clients which side was favored by the information and might not need to consult with their clients if they did not know more about the sealed information than which side it favored. This route of limited disclosure only to counsel appears foreclosed at this time, as the attorneys and Defendant agreed at the December 28 hearing to ask me to tell them which party was favored by the sealed information, and then to have the information unsealed only if the information favored Defendant. At this point, disclosure only to counsel would make no sense, as Defendant, if he heard nothing, would know that the information disfavored him. If the information were favorable to him, he would learn the content of the information, according to the sentencing judge's statement at the December 28 hearing.

       My review of the rough transcript of the December 28 hearing leads me to conclude that, if I disclose nothing, the sentencing judge is likely to determine through some means which party is favored by the sealed information and to disclose that

4

to the parties.  I understand why the sentencing judge, unaware of the content of the sealed material, is driven to that course, and I by no means suggest any impropriety in the sentencing judge's decision.

Given my concerns about disclosing even which party is favored by the sealed information, I have considered whether I should remain silent and allow the sentencing judge to make the decision on how to determine that.  That might well, however, force the sentencing judge to recuse himself.  In the alternative, it might foster judge shopping by the parties as they debated whether to seek recusal by the sentencing judge.  At this point, there is only one unrecused active district judge in this district to whom the case could be transferred.  Unless a senior district judge or a visiting judge stepped in, the parties could control the judge they might have for sentencing.  To avoid giving the parties such control and to foster judicial efficiency in light of what appears to be the sentencing judge's commitment to learning which party is favored by the sealed material, this court, with some misgivings in light of what it knows, hereby informs the parties that the sealed material is unfavorable to Defendant in terms of sentencing issues.

With apologies to the parties, counsel, and the sentencing judge, I have decided, even understanding the frustration I have created and with due consideration for the

difficulties faced by the sentencing judge and counsel, to make no further description available in the public record.

This case will be automatically returned to the sentencing judge upon the filing of this order.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, January 3, 2007.

_____
Susan Oki Mollway
United States District Judge

**United States of America v. Jose Dela Cruz (01), et al.**, **Cr. No. 04-00185 SOM; ORDER STATING THAT SEALED MATERIALS ARE NOT EXCULPATORY.**